WO

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arek Fressadi,<br><br>Plaintiff,<br><br>v.<br><br>Kathryn Ann Glover, et al.,<br><br>Defendants. | No. CV-16-03260-PHX-DJH<br><br>**ORDER** |

Pending before the Court are multiple motions filed by Plaintiff Arek Fressadi ("Plaintiff"), including several motions to extend the time to file motions to reconsider prior orders of this Court and requests to certify questions for interlocutory appeals to the Ninth Circuit (Docs. 166, 167, 202 & 207); a motion to strike an offer of judgment and compel disclosure (Docs. 184 and 185); and a motion to file a hearing transcript and waive transcript fees (Doc. 200).[1] The Court will address each motion below.

---

[1] On January 19, 2018, Plaintiff also filed a document titled "Objection to Order Doc. 195; Reply to Glover's Docs. 194 & 194-1 on Stay; Reply to Doc. 193 on Motion for Attorney; 1st Motion for Extension to Reply to Doc. 193 on Disqualify/Venue (Doc. 196). Therein, Plaintiff moved for reconsideration of the Court's order denying a stay of the Show Cause hearing scheduled for January 19, 2018 at 2:30 p.m., which the Court had denied before Plaintiff's reply deadline. The hearing occurred as scheduled, thus Plaintiff's motion and requested relief (Doc. 196) is denied as moot.

### A. Plaintiff's Motion to Extend Time to File a Motion for Reconsideration and Motion to Amend Complaint (Doc. 166)

On September 14, 2017, this Court issued an order that in part found it lacked subject matter jurisdiction over several defendants. (Doc. 164). The Court accordingly ordered the Clerk of Court to dismiss those defendants from this action, with prejudice. (*Id.*) The Court also noted several other pleading deficiencies in Plaintiff's Complaint and ordered that "Plaintiff will have 30 days to submit a first amended complaint to cure the deficiencies outlined in section IV.B.i.c.-d" of that Order. (Doc. 164 at 27). Plaintiff did not submit an amended complaint purporting to cure the stated deficiencies within the timeframe authorized by the Court. Instead, on September 28, 2018, Plaintiff (1) sought an extension until August 23, 2018 to file a motion to reconsider the Court's September 14, 2017 Order; and (2) filed a motion to amend his Complaint. (Doc. 166). Plaintiff did not attach a version of his proposed amended complaint with his motion as required by the Local Rules.

The Court will deny Plaintiff's request for a 343-day extension to file a motion for reconsideration of its September 14, 2017 Order. While a reasonable extension likely would have been granted, and Defendants have indicated that they would have similarly been amenable to such a request, Plaintiff has not established why he needs nearly a year to identify the "manifest error or [] showing of new facts or legal authority that could not have been brought to [the Court's] attention with reasonable diligence" in the Court's September 14, 2017 Order that would justify such an extraordinary extension. *See* LRCiv. 7.2(g)(1). In this district, "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv. 7.2(g)(2). Since September, Plaintiff has filed dozens of documents and motions with this Court, as well as two appeals to the Ninth Circuit. He therefore seems adequately prepared to timely address what he perceives as objectionable rulings. This request is denied.

. . . .

The Court will also deny, without prejudice, Plaintiff's request to amend his Complaint (Doc. 166). Pursuant to LRCiv. 15.1, "A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends…" Plaintiff has failed to attach such a copy with his motion and thus the Court is unable to assess whether the proposed amendments are futile. Accordingly, this broad request is denied, without prejudice.

### B. Plaintiff's Motions to Amend and Certify the Court's February 21, 2017, September 14, 2017, and January 22, 2018 Orders and Motions to Stay Proceedings Pending Appeals (Docs. 167 and 207)

Plaintiff has also requested that this Court amend its February 21, 2017, September 14, 2017, and January 22, 2018 Orders (respectively, Docs. 93, 164 & 198) to include language certifying the orders for immediate appeal. (Docs. 167 & 207). Plaintiff has requested consolidation of the appeals on these questions and requests that this Court stay these proceedings pending the Ninth Circuit's decision. (*Id.*)

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion with regard to that question, and (3) an immediate appeal would materially advance the ultimate termination of the litigation. *See In re Cemet Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982) (recognizing application of test in Ninth Circuit). In passing 28 U.S.C. § 1292, Congress recognized the "need for prompt review of certain nonfinal orders," but also recognized that the availability of such review must be "carefully confined." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). "The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" *Fukuda v. Los Angeles Cnty.*, 630 F. Supp. 228, 229 (C.D. Cal. 1986) (*quoting Coopers*, 472 U.S. at 475).

. . . .

With regard to the Court's September 14, 2017 Order, Plaintiff seeks to certify questions relating to this Court's subject matter jurisdiction.[2] Because there is no substantial ground for difference of opinion with regard to the jurisdictional questions of law raised by Plaintiff in that Order, the Court will deny his motion. As this Court explained in its September 14, 2017 Order, at Plaintiff's request, the Pinal County Superior Court consolidated Plaintiff's second state court action, which contained federal claims, into Plaintiff's first pending state court action, which contained only state law claims. (Doc. 164 at 5-6). Once consolidated, the new complaint contained both state and federal law causes of action. (*Id.*) Defendants Pima County and Kathryn Glover thereafter removed that consolidated complaint to this Court on the basis of its federal question jurisdiction. (*Id.*) In denying Plaintiff's motion to remand, this Court explained that jurisdiction was proper because once consolidated, the complaint contained a federal question on its face. (*Id.* at 6). There was no error in this analysis, nor are there any grounds for a difference of opinions with regard to that question.

Nor does Plaintiff present any basis to certify questions related to the Court's February 21, 2017 or January 22, 2018 Orders. In its February 21, 2017 Order, the Court ordered that "during the pendency of this action, Plaintiff is not to communicate with Defendant Glover directly in writing or orally." (Doc. 93). Defendant Glover thereafter filed a Motion for Order to Show Cause as to why Plaintiff should not be held in contempt of court for failure to comply with this order. After fully briefing the issue, and holding an evidentiary hearing on the same, the Court found Plaintiff to be in civil contempt of court for violating the terms of the Court's February 21, 2017 Order. (Doc. 198). Plaintiff now claims that five issues raised by these two orders should be immediately appealed to the Ninth Circuit on the grounds that these orders "involve[] a controlling question of law as to which there is substantial ground for difference of opinion." (Doc. 207 at 3). Plaintiff objects, again, to the Court's subject matter

---

[2] Plaintiff also seeks to certify the general question of whether denying Plaintiff the opportunity to amend all of his claims is manifest error. The Court summarily denies Plaintiff's request to certify such a question for immediate appeal.

- 4 -

jurisdiction over these matters. He also objects to the Court's authority to limit his communications as a *pro se* litigant with a party-defendant, to the Court's characterization of the contempt proceedings as civil and not criminal, and generally to the Court's denials of his Motion to Disqualify Judge Humetewa and Motion for a Change of Venue, both which he says are "manifestation[s] of bias and prejudice." (Doc. 207 at 2-3). None of these "issues" involve controlling questions of law as to which there are substantial grounds for difference of opinion and Plaintiff has presented no authority purporting to support such arguments. Quite simply, Plaintiff has not met his burden of showing that "exceptional circumstances" are present here that require immediate, interlocutory review.

Plaintiff's requests to certify are denied. Because the Court denies Plaintiff's requests to certify, his requests to consolidate the appeals and stay these proceedings are denied as moot.

### C. Plaintiff's Motion to Strike Defendant Glover's Offer of Judgment (Doc. 183) and Motion to Compel Discovery (Docs. 184 & 185[3])

On November 6, 2017, Defendant Glover filed a Notice of Service that she had made an Offer of Judgment to Plaintiff. (Doc. 184). Glover attached the Offer of Judgment as an exhibit to her Notice of Service. (Doc. 184-1). In the Offer of Judgment, Glover offered Plaintiff $145,000 "which sum includes all damages and all taxable costs accrued by Plaintiff to the date of this Offer of Judgment." (*Id.*) Plaintiff has moved to strike this Offer of Judgment, and argues that under Fed. R. Civ. P. 68(a), Glover has not served him with "an offer to allow judgment on *specified terms*...." (Doc. 185 at 1). Plaintiff says the offer is deficient in that it does not specify (1) whether it is intended as settlement for one or both of the state court case claims; or (2) whether the amount includes or is in addition to the insurance proceeds offered by the insurance defendants in this case. (*Id.*) Glover responds that the proffered amount was clearly intended for

---

[3] Document 185, titled "[Amended] Motion to Strike Offer of Judgment (Doc. 183) and Motion to Compel Disclosure" appears to differ from Document 184 only in the addition of two footnotes. The relief requested therein is the same.

- 5 -

"both" state case claims as those cases have been consolidated into this one action; and the language "in the total amount of" used in the offer "clearly means that the offer includes insurance proceeds as well as payment from Ms. Glover." (Doc. 187 at 2).

Rule 68 provides, "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the plaintiff accepts the offer within 14 days, the clerk must enter judgment pursuant to the terms of the offer. *Id.* "An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68(b). Should the plaintiff reject the offer, he runs the risk of having to "pay the costs incurred after the offer was made" if "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68(d); *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996) (citation omitted). If a Plaintiff is not served with a valid offer of judgment under Rule 68, however, "he cannot be deprived of his costs." *See Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002) (holding that a $400,000 settlement offer was not a valid offer of judgment under Rule 68, and therefore plaintiff's rejection of the offer did not preclude him from seeking costs after winning a lesser judgment).

"The 'plain purpose of Rule 68 is to encourage settlement and avoid litigation....The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits.'" *McDowall v. Cogan*, 216 F.R.D. 46, 47 (E.D.N.Y. 2003) (ellipsis in original) (*quoting Marek v. Chesny*, 473 U.S. 1, 5 (1985)). "The hope is that the existence of Rule 68 will encourage plaintiffs to accept reasonable settlement offers rather than forcing defendants through the expensive process of going to trial." *Id.* (emphasis in original) (citation and internal quotation marks omitted).

Ordinarily, however, a court cannot consider the fairness or validity of an offer of judgment until it is filed **and** judgment is entered. *See, e.g., McDowall v. Cogan*, 216

F.R.D. 46, 52 (E.D.N.Y. 2003) ("[T]here is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a…party to prove costs."); *Bechtol v. Marsh & McLennan Companies, Inc.,* 2008 WL 2074046, *2 (W.D. Wash. May 14, 2008) (declining to "determine the fairness of the offer of judgment" where the defendant's offer had not been filed, and where no judgment had been entered).

Here, Glover has filed a Notice of Service of her Offer of Judgment but (1) there has been no acceptance by Plaintiff and (2) it is not being offered by Defendant Glover to prove costs, as no judgment as been entered. The question of whether it should be stricken is therefore premature. The issue of its fairness and validity will only ripen after (and if) the Clerk enters a judgment less favorable than Defendant Glover's offer. *See McDowall*, 216 F.R.D. at 52; *cf. Berkla*, 302 F.3d at 922; *Trident Seafoods*, 92 F.3d at 859. Indeed, the issue may not ripen at all if Defendant Glover renews and/or clarifies its offer and Plaintiff accepts it, or if Defendant Glover does not dispute costs in post-judgment proceedings – the only posture in which evidence of the offer is admissible. *See* Fed. R. Civ. P. 68(b) ("Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs"). The Court therefore concludes that Plaintiff's motion to strike Defendant Glover's offer of judgment is procedurally improper and will deny it without prejudice.

The Court will also deny without prejudice Plaintiff's broad requests to compel disclosure of various discovery he believes has been withheld from him. In light of the excessive filings that have been made in this case, on February 27, 2017, the parties were instructed on how to address any future motion practice in this matter. (*See* Doc. 99). Specifically, the Court instructed the parties to "jointly file (1) a brief written summary, not to exceed two page, explaining their respective positions…and (2) a joint written certification that the counsel or the parties have attempt to resolve the matter through personal consultation and sincere effort…" (Doc. 99). These dictates are particularly relevant with regard to discovery disputes like the ones identified in Plaintiff's motion. The parties have not followed this procedure with regard to the disputed disclosure

requested by Plaintiff in his motion. Accordingly, to the extent the parties are still unable to resolve the discovery disputes identified in Plaintiff's Motion to Compel, and only after they certify as much after personal consultation and sincere effort, they may submit to the Court a short joint summary of the dispute that complies with the terms of this Court's February 27, 2017 Order. The Court may thereafter schedule a teleconference with the parties to address the issues therein. The current request, however, is denied without prejudice.

### D. Motion to Acquire Expedited Free Transcript of Hearing (Doc. 200)

Plaintiff also seeks a free "expedited certified transcript accurately rendered of the hearing at Tucson District Court on January 19, 2018." (Doc. 200). However, Plaintiff has not established that he is unable to pay for a copy of the transcript he requests, and therefore this request is denied. As Plaintiff notes, this Court granted Plaintiff's request to proceed with one of his interlocutory appeals *in forma pauperis* on December 12, 2017 (Doc. 188). Granting him this status for this purpose, however, does not grant Plaintiff the right to receive transcripts in this matter free of cost. Plaintiff has not submitted any evidence with his motion indicating his financial inability to pay the costs of this transcript. Thus, this request is also denied.

### E. Motion for Extension of Time to File a Motion for Reconsideration of Court's January 22, 2018 Order (Doc. 198) and a Notice of Collateral Appeal (Doc. 202)

Plaintiff also requests a 120-day extension to file a motion for reconsideration of this Court's January 22, 2018 Order, which found Plaintiff in civil contempt of Court for violating an order to desist from all contact with Defendant Glover. (Doc. 202). Plaintiff specifically seeks an extension so that he can first obtain a transcript of the hearing and provide proper citation. (*Id*. at 2). The Court observes that following a transcript request by Defendant Glover on April 5, 2018, a Notice of Filing of the Official Transcript from this hearing was filed on April 23, 2018, with language informing the parties that "The ordering party will have electronic access to the transcript immediately. All others may

view the transcript at the court public terminal or it may be purchased through the Court Reporter/Transcriber by filing a Transcript Order Form on the docket before the deadline for Release of Transcript Restriction." (Doc. 225). Plaintiff has therefore been able to view the transcript via the court's public terminal for several months. The Court will nevertheless grant Plaintiff a brief extension to file a motion for reconsideration. The deadline for any motion for reconsideration of the Court's January 22, 2018 ruling will be fourteen (14) days from the date of this order. Plaintiff's request for an extension of time to file a Notice of Collateral Appeal of the Court's January 22, 2018 Order (Doc. 198) is moot. Plaintiff filed such notice on February 21, 2017. (Doc. 210). Accordingly, this request is denied.

For the aforementioned reasons,

**IT IS HEREBY ORDERED denying** Plaintiff's First Motion for Extension of Time to File a Motion for Reconsideration and **denying, without prejudice** his Motion to Amend his Complaint (Doc. 166).

**IT IS FURTHER ORDERED denying** Plaintiff's Motion to Amend and Certify 9/14/17 Order for Interlocutory Review (Doc. 167) and Motion to Amend and Certify Order 93 and 198 for Interlocutory Appeal (Doc. 207). Plaintiff's Motions to Stay Proceedings Pending Appeal (Docs. 167 and 207), Plaintiff's Motion to Consolidate with Pending Appeal re: 167 (Doc. 207), and Plaintiff's Motion for Reconsideration of Court's Order Setting Order to Show Cause hearing (Doc. 196) are **denied as moot.**

**IT IS FURTHER ORDERED denying, without prejudice** Plaintiff's Motion to Strike Doc. 183 and Motion to Compel Disclosure (Docs. 184 & 185).

**IT IS FURTHER ORDERED denying** Plaintiff's Motion to Waive Fee and File Transcript re: Doc. 198 (Doc. 200).

**IT IS FURTHER ORDERED granting in part and denying in part** Plaintiff's Motion to Extension for Reconsideration/Rule 60 and Notice of Appeal on Order 198 (Doc. 202). Plaintiff's request for an extension of time to file a motion for reconsideration of the Court's January 22, 2018 Order (Doc. 198) is **granted in part**.

Plaintiff shall have fourteen (14) days from the date of this order to file a motion for reconsideration on this Court's January 22, 2018 ruling. Plaintiff's request for a 120-day extension to do the same, however, is **denied**. Plaintiff's request for an extension of time to file a Notice of Appeal regarding the Court's January 22, 2018 Order is **denied as moot**.

**IT IS FURTHER ORDERED** that parties shall not file written discovery motions without leave of Court. If a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed two pages, with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute, the Court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing. Any briefing ordered by the Court shall also comply with LRCiv 7.2(j). Failure to comply with this instruction may result in the Court summarily striking such a request.

**IT IS FINALLY ORDERED** that a Rule 16 Scheduling Conference will be set by separate order of the Court.

**Dated** this 9th day of July, 2018.

Honorable Diane J. Humetewa
United States District Judge