**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arek Fressadi, | No. CV-16-03260-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Kathryn Ann Glover, et al., | |
| Defendants. | |

On August 6, 2019, Plaintiff Arek Fressadi ("Plaintiff") filed a document titled "Motion to Reconsider This Court's Failure to Remand As Required—This Court Lacks Jurisdiction: Rulings Other Than Remand Are Void" (Doc. 357) ("Motion to Reconsider the Court's July 23 Order Denying Plaintiff's Motion to Reconsider June 20 Order"). Therein, Plaintiff requests reconsideration of this Court's July 23, 2019 Order (Doc. 353) that denied Plaintiff's previously-filed Rule 59 and 60 Motions to Order New Trial, Amend/Alter Judgment, and/or Vacate Portions of the Court's 6/20/19 Order Doc. 343 ("Motion to Amend/Alter") (Doc. 348), Motion for Leave to File Excess Pages (Doc. 349), Motion to Accept Late Filing (Doc. 350), and Motion to Supplement his Rule 59 and 60 Motions (Doc. 351) (collectively, "Rule 59 and 60 Motions for Reconsideration"). The Court's July 23, 2019 Order (Doc. 353) denied Plaintiff's Rule 59 requests as untimely and his Rule 60 requests because the Motion to Amend/Alter exceeded the page limitations allowed by the Local Rules. (Doc. 353 at 2-3).

The Court is confident of Plaintiff's familiarity with the standards governing motions for reconsideration, as he has filed no less than nine over the course of this litigation. (*See* Docs. 27, 45, 104, 130, 160, 173, 196, 269, 348). The Court will nonetheless summarize these standards for his benefit. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *School Dist. No. 1J, Multnomah County, Oregon v. AcandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

> [A] motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. **Such problems rarely arise and the motion to reconsider should be equally rare.**

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (emphasis added). *See also*, *Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992); LRCiv. 7.2(g)(1) (stating a court will "ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence…"). In light of the standards governing a motion to reconsider, courts in this district have held that a motion to reconsider an order denying a prior motion to reconsider "would be appropriate in only the most rarest and extreme of circumstances." *Fisher v. United States*, 2014 WL 12585767, *1 (D. Ariz. Jan. 7, 2014). Plaintiff's Motion to Reconsider the Court's July 23 Order Denying Plaintiff's Motion to Reconsider June 20 Order does not present one of those rare circumstances.

Plaintiff does not argue that the Court committed manifest error when it applied the governing rules on time limits for filing Rule 59 motions[1] or in its application of page

---

[1] In his introductory paragraph, Plaintiff briefly notes that his "requests per FRCP 60 are timely per FRCP 60(c)(1)." (Doc. 357 at 1). The Court's July 23, 2019 Order denied relief under Rule 60 because Plaintiff failed to show good cause for filing a motion that was fourteen pages beyond the allowable page limits, to which Plaintiff later "supplemented" with an additional five-page brief. (Doc. 353 at 2-3). Plaintiff's Motion to Reconsider the Court's July 23 Order Denying Plaintiff's Motion to Reconsider June 20 Order does not argue manifest error with regard to the Court's application of Local

limitations on motions when it denied Plaintiff's Rule 59 and 60 Motions for Reconsideration in its July 23 Order. Instead, Plaintiff reiterates jurisdictional arguments that he has already presented to the Court and that were rejected in the Court's June 20, 2019 Order that partially denied Plaintiff's request to remand. (*See* Doc. 343). In that regard, Plaintiff is simply asking this "court to rethink what [it] has already thought through—rightly or wrongly[.]" *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). This is not a proper basis for a motion for reconsideration. *Id.* at 116. Moreover, to the extent Plaintiff again is seeking reconsideration of the Court's prior rulings on these jurisdictional issues, his request is improper *and* untimely. See LRCiv. 7.2(g)(2) ("Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion"). As noted, the Court ruled on the jurisdictional issues raised by Plaintiff on June 20, 2019. (*See* Doc. 343). The present Motion to Reconsider the Court's July 23 Order Denying Plaintiff's Motion to Reconsider June 20 Order was filed on August 6, 2019. (*See* Doc. 357). Even if the Motion to Reconsider the Court's July 23 Order Denying Plaintiff's Motion to Reconsider June 20 Order was to be construed as a motion to reconsider the Court's June 20, 2019 Order, Plaintiff does not provide a reason for his late filing, much less one that would constitute good cause to excuse it.[2] Accordingly,

**IT IS ORDERED** that the Motion to Reconsider the Court's July 23 Order Denying Motion for Reconsideration (Doc. 357) is **DENIED.**

Dated this 12th day of August, 2019.

Honorable Diane J. Humetewa
United States District Judge

---

Rule 7.2(e)(1).

[2] Plaintiff previously sought to be excused from filing his late Rule 59 requests because his internet service went down on July 18, 2019, the day on which his Rule 59 motions were due. (Doc. 350). Even if the Court were to look to Doc. 350 for cause to excuse the delay in filing this Motion, any difficulty Plaintiff may have had in filing documents on July 18, 2019 does not excuse or explain the delay in filing a Rule 60 motion that was otherwise due on July 9, 2019, or fourteen days after the June 20, 2019 Order.

- 3 -