**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arek Fressadi, | No. CV-16-03260-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Kathryn Ann Glover, et al., | |
| Defendants. | |

Before the Court are Plaintiff's "Motion to Vacate Judgment and Rulings Per Rules 60(b)(1),(2),(3),(4),(5),(6) and 60(d)(3)" (Doc. 364), "Motion to Stay Orders and Judgment Pending Rule 60/Appeal" (Doc. 365), and "Motion for FRAP 12.1 Indicative Ruling For Ninth Circuit Per FRCP 62.1(a)(3)" (Doc. 375). For various reasons, Plaintiff asks the Court to amend and vacate portions of the August 20, 2019 judgment (Doc. 362) entered against him.

## I. Procedural Background

On June 20, 2019, the Court remanded a portion of this removed action (hereafter referred to as "Case 1")[1] to state court, denied Plaintiff's request to remand the remaining claims (hereafter referred to as "Case 2"), granted summary judgment in favor of Case 2 Defendant RRE, and directed the Clerk of Court to terminate the action. (Doc. 343). On July 19, 2019, in a 31-page document, Plaintiff filed a motion titled "FRCP Rules 59 & 60 Motions to Order New Trial, Amend/Alter Judgment, And/Or Vacate Portions of the

---
[1] Defendants removed the two cases that make up this action soon after the Case 2 state court judge granted Plaintiff's request to have Case 1 and Case 2 consolidated. Throughout this litigation, the Court and parties have referred to the first-filed case as "Case 1" and the second-filed case as "Case 2."

Court's 6/20/19 Order Doc. 343" (Doc. 348) (hereafter, "First Motion to Reconsider"), and simultaneously sought leave to file the First Motion to Reconsider late and in excess of the page limitation allowed by the Local Rules (Docs. 349, 350). On July 22, 2019, without leave of Court, Plaintiff supplemented his First Motion to Reconsider with an additional five pages of argument (Doc. 351) and filed a Notice of Appeal to the Ninth Circuit stating his intent to appeal "[a]ll Orders, rulings, judgments or conclusions made by" this Court "prior to Doc. 343 *except* the portion of Doc. 188 granting Plaintiff's *in forma pauperis* application." (Doc. 352) (emphasis in original). Except the issues that were decided in his favor, he also seeks to appeal "*ALL* decisions made in Doc. 343." (*Id.*) (emphasis in original).

On July 23, 2019, the Court denied Plaintiff's requests to file his First Motion to Reconsider late and in excess of the page limitations, and thus denied his First Motion to Reconsider. (Doc. 353). On August 6, 2019, Plaintiff filed a "Motion to Reconsider This Court's Failure to Remand as Required—This Court Lacks Jurisdiction: Rulings Other Than Remand Are Void" (Doc. 357) (hereafter, "Second Motion to Reconsider") that among other things, asked the Court to reconsider its denial of the First Motion to Reconsider and related requests. The Court denied the Second Motion to Reconsider on August 13, 2019. (Doc. 358). On August 18, 2019, Plaintiff filed a "Challenge to Subject Matter Jurisdiction on Case 2—All Court Rulings Other Than Remand Are Void Per Rule 60(b)(4); Motion for Award" (Doc. 359) (hereafter, "Third Motion to Reconsider"), in which Plaintiff again implored this Court to rethink its decision to retain jurisdiction over Case 2. On August 20, 2019, the Court found that Plaintiff's repeated challenge to the Court's subject matter jurisdiction over Case 2 was an improper motion for reconsideration as it repeated arguments made by Plaintiff and already decided by this Court, and denied the requested relief. (Doc. 360). Noting that judgment had yet to be entered, the Court simultaneously directed the Clerk of Court to promptly enter judgment (Doc. 361), which the Clerk did the same day (Doc. 362).

On August 21, 2019, Plaintiff filed a Supplemental Notice of Appeal to the Ninth Circuit Court of Appeals regarding the Court's Orders denying Plaintiff's First, Second, and Third Motions to Reconsider. (Doc. 363). On September 3, 2019, Plaintiff then filed a "Motion to Vacate Judgment and Rulings Per Rules 60(b)(1),(2),(3),(4),(5),(6) and 60(d)(3)" (Doc. 364) (hereafter "Motion to Vacate Judgment") in which he again argues, among other things, that the Court erred in entering summary judgment in favor of RRE and terminating Case 2. On September 12, 2019, he filed a Motion to Stay (Doc. 365), in which he seeks a stay of the Court's orders pending its decision on his Motion to Vacate Judgment, and on January 15, 2020, he filed a Motion for an Indicative Ruling For Ninth Circuit Per FRCP 62.1(a)(3) (Doc. 375). The Court ordered Defendants Glover and RRE to file a response to Plaintiff's Motion to Vacate Judgment no later than November 8, 2019. (Doc. 366). Defendants Kathryn Ann Glover ("Glover") and Defendant Rod Robert Enterprises Incorporated ("RRE") filed timely Responses (Docs. 369, 371). Plaintiff filed two Reply briefs in support of his Motion to Vacate Judgment (Docs. 372, 373). Glover has filed a Response to Plaintiff's Motion for FRAP 12.1 Indicative Ruling For Ninth Circuit Per FRCP 62.1(a)(3) (Doc. 377), to which Defendant Campbell has joined (Doc. 378). Plaintiff has also filed a Reply in support of his Motion for FRAP 12.1 Indicative Ruling for Ninth Circuit Per FRCP 62.1(a)(3) (Doc. 379) and a five-page "Supplemental To Plaintiff's Motion for FRAP 12.1 Indicative Ruling for Ninth Circuit Per FRCP 62.1(a)(3)" (Doc. 382). The Court's ruling on the three pending Motions follows.

**II.     Rule 60 Standards**

Rule 60(b) provides the bases from which a party can seek relief from a final judgment of the Court. The Rule permits the Court to relieve a party "from a final judgment, order, or proceeding" for any of the reasons enumerated under that section, including mistake, newly discovered evidence, fraud, that the judgment is void, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Federal Rule 60(d)(3) authorizes a court to "set aside a judgment for fraud on the court."

A party seeking relief from a judgment under Rule 60(b)(1)-(3) must make his motion "no more than a year after the entry of the judgment…." Fed. R. Civ. P. 60(c)(1). Motions made under Rule 60(b)(4)-(6) must be made "within a reasonable time." *Id.* No specific time limits apply to motions brought for fraud on the court under Rule 60(d)(3).

Judgment was entered in this case on August 20, 2019 (Doc. 362) and Plaintiff filed his Motion to Vacate under Rule 60(b)(1)-(6) and (d)(3) on September 3, 2019 (Doc. 364). The Motion to Vacate is thus timely.

### III. Summary of Plaintiff's Rule 60 Arguments

In his Motion to Vacate Judgment, Plaintiff first argues that the Court committed clear error when it denied Plaintiff's request to remand the entire case under the *Younger* abstention doctrine. Plaintiff then argues each subsection of 60(b) and section 60(d)(3) apply to warrant vacation of the Court's August 20, 2019 judgment. Plaintiff argues that the Court erred under **Rule 60(b)(1)** when it terminated Case 2 prior to adjudicating all claims against Glover; **Rule 60(b)(2)** because Plaintiff has recently-discovered evidence of an Arizona Department of Transportation ("ADOT") refund from his abandonment fine and evidence that Defendant Glover has fraudulently conveyed her assets to a trust; **Rule 60(b)(3)** because Plaintiff was fraudulently induced into entering the settlement agreement with RRE; **Rule 60(b)(4)** because the state court judgments the Court relied upon in dismissing Arizona and RRE are void because the state court was without jurisdiction to enter them once Plaintiff had requested a change of venue; **Rule 60(b)(5)** because the Court failed to address certain facts and evidence that render prospective application of the judgment inequitable; **Rule 60(b)(6)** because the undersigned should be disqualified under 28 U.S.C. § 455 due to her personal bias against Plaintiff; and **Rule 60(d)(3)** because Defendants, the Pima County Superior Court, ADOT, Pima County, RRE's attorneys, Arizona state court Judge Stephen C. Villareal, and the undersigned, have committed fraud on the court that have resulted in the judgment against Plaintiff in Case 2. The Court will address each of Plaintiff's arguments in turn.

## A. The Court Did Not Err in Refusing to Abstain Under the *Younger* Doctrine

Plaintiff first contends that the Court erred when it refused to remand "this entire matter *ab initio* per Younger Abstention." (Doc. 364 at 7). Plaintiff does not identify the Rule under which he is asserting this argument, but the Court notes that he has made this argument to the Court before. In general "motions for reconsideration are not the time for parties to ask the Court to rethink what it has already thought." *Tillmon v. Maricopa Cnty.*, 2008 WL 2901622, *1 (D. Ariz. July 24, 2008) (citing, *inter alia, Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988)). The Court reviewed and rejected these arguments in its June 20, 2019 Order (Doc. 343 at 20 n.17), and the instant Motion does not demonstrate that the Court's prior determination was manifestly erroneous. In its June 20, 2019 Order, the Court rejected Plaintiff's argument that the *Younger* doctrine warranted abstention of the case because there were no state judicial proceedings pending concurrently with the federal action. (*Id.*) In doing so, the Court noted that "Defendants removed the state proceedings to this Court, thus ending any state court action." (*Id.*) Plaintiff argues this ruling is in err, and that at the time Defendants removed the action, Plaintiff's appeal of Case 1 Rule 54(b) judgments were "pending state judicial proceedings." (Doc. 364 at 7). He further argues, without citation to the record, that the "interpretation of state law protected under its state sovereignty were on review at the time of removal, including A.R.S. §12-408, 12-821.01(B), (C), (D), (G), and 28-872(J)."[2] (Doc. 364 at 7).

Abstention under *Younger* is warranted only under "exceptional circumstances." *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018). As the Ninth Circuit has recently clarified, a federal court should only abstain from hearing federal civil claims under

---

[2] A.R.S. § 12-408 states that "[i]n a civil action pending in the superior court in a county where the county is a party, the opposite party is entitled to a change of venue to some other county without making an affidavit therefor"; A.R.S. § 12-821.01 is Arizona's notice of claim statute; and A.R.S. § 28-872(J) details the procedure by which the registered owner of a towed vehicle may challenge the validity of the removal. Plaintiff has not identified anything that would show a state court was reviewing A.R.S. § 12-821.01 or 28-872(J) at the time of removal.

- 5 -

*Younger* when the state proceedings: "(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). "If these four threshold elements are established, the court must then consider a fifth prong: (5) 'whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies.'" *Id.* at 925 (quoting *ReadyLink*, 754 F.3d at 759). "Each of these requirements must be 'strictly met.'" *Id.* (quoting *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007).

Plaintiff argues that at the time Defendants removed the consolidated action on September 26, 2016, he had appealed the state court Rule 54(b) judgments dismissing Arizona and RRE from Case 1 and thus there were "ongoing" state court proceedings. This is factually inaccurate with regards to Arizona. The record reflects that the Arizona Court of Appeals dismissed Plaintiff's appeal as to Arizona on September 8, 2016, which was prior to removal of the action to federal court. (Doc. 4-6 at 11 ("The appeal as to the State of Arizona is DISMISSED as untimely"). The claims against Arizona were therefore not "ongoing" at the time the case was removed to federal court, and the Court did not err in so finding.

The Arizona Court of Appeals also dismissed Plaintiff's appeal as to RRE as untimely, but not until October 21, 2016, or approximately three weeks after Defendants removed the consolidated action. (Doc. 29-1). Thus, whether Plaintiff had an "ongoing" proceeding against RRE when the case was removed to federal court may be less certain,[3] but it is not a reason to reconsider the Court's refusal to abstain under *Younger*. The *Younger* abstention doctrine only justifies "withholding of authorized equitable relief" when that relief will cause "undue interference with the state proceedings." *New Orleans*

---

[3] The record reflects that the trial court granted Plaintiff an extension of time to appeal the Rule 54(b) judgment against RRE, however, as noted, the Arizona Court of Appeals ultimately dismissed Plaintiff's appeal as untimely on October 21, 2016. (Doc. 29-1).

- 6 -

*Public Serv. Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989). As the Court explained in its June 20, 2019 Order, the Full Faith and Credit Act, 28 U.S.C. § 1738 and Arizona law precludes this Court from deciding the purportedly "ongoing" Case 1 claim Plaintiff argues justifies abstention of the entire case. (Doc. 343 at 21-23).

In his appeal of the state court's dismissal of RRE, Plaintiff argued that the state court "lacked authority to enter any order or ruling on anything other than Change of Venue per A.R.S. § 12-408 after Plaintiff filed for a Change of Venue on March 25, 2016." (Doc. 4-1 at 31). In its June 2019 Order, the Court found "the issue of whether the state court judge lacked jurisdiction to rule on pending motions after Plaintiff filed a non-discretionary motion for change of venue was litigated and decided in Case 1." (Doc. 343 at 23). Accordingly, this Court then concluded that "Plaintiffs claims about the validity of the Pima Country rulings, which turn on whether the Pima County court had jurisdiction to make rulings after a plaintiff requested a change of venue, are squarely barred by preclusion principles." (*Id.*)

Finding that the jurisdictional issue was litigated and resolved by the state court, the Court found that the issue could not be relitigated here. Because the state court ruling on the change of venue issue had preclusive effect on this Court, the relief sought in federal Court would have not interfered with Plaintiff's untimely state court appeal on the dismissal of RRE, and certainly would not justify abstention of the entire action. Quite simply, the comity and federalism concerns justifying abstention under *Younger* do not apply here. The Court thus did not err in denying Plaintiff's request to remand and abstain from hearing "this entire matter" under *Younger* and the Court denies Plaintiff's Motion to Vacate on this ground.

**B.    Rule 60(b)(1)—Mistake**

Plaintiff also seeks relief under Rule 60(b)(1), arguing that "[i]nadvertently, this Court based its decision on the wrong complaint and closed [Case 2] without adjudication of claims against Glover." (Doc. 364 at 9). Relief under Rule 60(b)(1) is not limited to mistake or inadvertence by a party; it may be applied where the mistake was made by the

court. *Kingvision Pay–Per–View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) ("Because the words 'mistake' and 'inadvertence' are not so limited, they may include mistake and inadvertence by the judge.").

Here, the Court agrees with Plaintiff. The Court inadvertently relied on the wrong complaint in closing Case 2, and improperly terminated Case 2 when three state claims against Glover were yet unresolved. Plaintiff appears to have amended his Case 2 Complaint either the same day or a few days before Defendants removed the consolidated action to this Court. As a result, the voluminous, unindexed state court record that was filed with Defendants' Notice of Removal—*see* Doc.1, Exs. 1-9, Doc. 2, Exs. 1-9, Doc. 3, Exs. 1-9, and Doc. 4, Exs. 1-9—only included a copy of Plaintiff's original Case 2 Complaint, which did not list Glover as a defendant. (*See* Doc. 4-7). Defendant Pima County subsequently attached a copy of Plaintiff's state-filed First Amended Complaint ("FAC") to a document unhelpfully titled "Notice of Additional Document Filed in Pinal County Superior Court Case No. CV201600937" (Docs. 8). The FAC adds Glover as a defendant to three of his state-law claims: negligent misrepresentation in authorizing the towing of Plaintiff's motorcycle after the accident (Doc. 8-1 ¶141); fraudulent concealment of Glover's "involvement and/or inaction regarding the conversion of the motorcycle" (*id.* ¶154); and for bad faith actions she took when she 1) ran Plaintiff over, 2) failed to have Plaintiff's motorcycle towed with his free towing insurance, and then 3) moved out of state "within 3 days after the incident without a note of apology or further contact except through her lawyer in court proceedings" (*id.* ¶¶173-78). Plaintiff correctly notes that these state law claims had not been resolved when the Court entered judgment and terminated Case 2.[4] The Court will therefore grant Plaintiff's Motion to Vacate Judgment under Rule

---

[4] Glover argues that she should nevertheless be dismissed from this action because Plaintiff's claims against her are based on a conspiracy theory and all of her alleged co-conspirators have been dismissed. (Doc. 369 at 8-9). Glover cites to criminal law authority for the proposition that "[w]hen all possible co-conspirators are tried jointly, an 'acquittal of one of two conspirators operates as an acquittal of the other.'" (*Id.*) The Court finds this analogy unpersuasive. This is, of course, not a criminal matter and no one has been acquitted of a crime. Plaintiff's amended claims against Glover—negligent misrepresentation, fraudulent concealment, and bad faith—arise out of tort law. Moreover, although Glover contends that these claims should fail as a matter of law (*id.*), she has

60(b)(1), for the limited purpose of amending the judgment as to the three state-law claims against Glover.

The Court, however, also finds that continuing to exercise supplemental jurisdiction over the remaining three state-law claims against Glover would be inappropriate on the facts of this case. The Court will remand these claims to state court. A district court may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008). "The Supreme Court has stated…that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors…will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (*en banc*). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by…values of economy, convenience, fairness, and comity." *Id.* (internal quotation omitted).

The federal claims that vested this Court with jurisdiction over Case 2 have been dismissed. (*See* Doc. 164 at 27). Retaining jurisdiction over Plaintiff's remaining three state law claims against Glover will not promote judicial economy or convenience. The Court has already remanded the three Case 1 state-law claims against Glover. (*See* Doc. 1-1 ¶¶50-57 (negligence per A.R.S. § 12-2501); ¶¶58-61 (negligence per se); ¶¶ 64-65 (battery)). The three additional state claims against Glover that Plaintiff asserts in his FAC—negligent misrepresentation, fraudulent concealment, and bad faith—also relate to

---

never moved this Court to make such a determination and the Court declines to issue a *sua sponte* ruling on that argument now.

her alleged actions arising out of the motorcycle accident. Case 1 was litigated on the merits in state court for a full year before Defendants attempted to remove it to this Court. To retain the negligent misrepresentation, fraudulent concealment, and bad faith claims against Glover in federal court, while the other three negligence claims, all which arise out of the same accident, are litigated in state court, would be a waste of both judicial and the parties' resources. The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's amended Case 2 state law claims against Glover.[5] These claims against Glover shall be remanded to state court, to be consolidated with the remainder of recently-remanded Case 1. As they are the only claims remaining in this action,[6] this case shall remain closed.

### C. Rule 60(b)(2)—Newly Discovered Evidence

Plaintiff also asserts he is entitled to relief under Rule 60(b)(2). Plaintiffs says Fressadi Motorsports LLC obtained a refund on December 6, 2018 for the $500 fine the ADOT assessed against him for his alleged abandonment of his motorcycle after the accident. (Doc. 364 at 9). He says this evidence shows that "PCSD/RRE had no legal basis to charge storage fees for an 'abandoned vehicle,' leading to the motorcycle's theft/conversion." (*Id.*) He also broadly claims that he has discovered that "Glover, with the apparent assistance by her attorneys, fraudulently conveyed her assets to a trust in order to evade a ruling for damages." (*Id.*) This conclusory allegation does not substantiate Plaintiff's claim of fraudulent conveyance. Plaintiff nonetheless argues that this "evidence" requires the Court to vacate the judgment to allow him to amend his complaint.

---

[5] Ironically, in his years-long litigation, Plaintiff has repeatedly sought remand to the State court for a myriad of reasons. *See e.g.*, Docs. 11, 33, 94, 268, 285.

[6] Defendants Arizona, Pima County Sheriff's Department, Bronson, Carroll, Cornelio, Elias, Huckelberry, Miller, Valdez, Blaes, Bryson, Hellon, and Villarreal were dismissed with prejudice on September 14, 2017 (Doc. 164). Defendants Vela Insurance, O'Connor & Campbell, PC, Daniel Campbell, Pima County, John Stuckey III, Shaun Daniels, Aaron White, Bob Kendig, and Allstate Insurance Company were dismissed pursuant to the Court's August 22, 2018 oral rulings and subsequent November 8, 2018 Order (Doc. 267). Defendant Liberty Mutual Group was dismissed on November 8, 2018 (*id.*), and Defendant RRE was dismissed on June 20, 2019 (Doc. 343).

To be entitled to Rule 60(b)(2) relief, "the movant must show that the new evidence '(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case'." *Shoen v. Shoen*, 933 F. Supp. 871, 876 (D. Ariz. 1996), *aff'd* 113 F.3d 1242 (9th Cir. 1997) (quoting *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (additional citations omitted)). Plaintiff cannot establish his entitlement under these elements. Indeed, Plaintiff's argument "fails at the first hurdle" because his proffered evidence is not "newly discovered evidence." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003). Under the Federal Rules, evidence is not "newly discovered" if it was in the moving party's possession before the judgment was rendered. *Id.*; accord 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2859 (West 1995) ("[I]f [evidence] was in the possession of the party before the judgment was rendered it is not newly discovered and does not entitle the party to relief."). The Ninth Circuit has held that a party possessing evidence for as little as eight days prior to a court's summary judgment ruling could not invoke Rule 60(b)(2). *See Feature Realty, Inc.*, 331 F.3d at 1093 (affirming district court's denial of Rule 60(b)(2) motion); *see also Gonzalez–Pina v. Rodriguez*, 407 F.3d 425, 433–34 (1st Cir. 2005) (affirming district court's denial of Rule 60(b)(2) motion where movant had obtained deposition testimony two weeks prior to summary judgment and failed to exercise due diligence to bring evidence to district court's attention).

The ADOT refund is plainly not newly discovered evidence because it has been in Plaintiff's possession since or about December 6, 2018, when Plaintiff says he obtained it. Even if considered "newly discovered," Plaintiff does not explain how this evidence would have changed the disposition of the case as to RRE. RRE was dismissed based on the clear terms of a valid settlement agreement.

Similarly, Plaintiff's allegations as to Glover's alleged "fraudulent conveyance" of assets, which Plaintiff has not supported with any evidence beyond these broad contentions, were previously made in his Motion for Leave to Amend his Case 2 Complaint

on March 15, 2019. (Doc. 308 at 7). The Court denied Plaintiff's request to amend his complaint, finding in part that Plaintiff had shown a lack of diligence in amending his pleadings or joining parties despite being on notice of the facts underlying his proposed amendments. (Doc. 343 at 29-33). In sum, the "evidence" Plaintiff yet again proffers cannot be accepted as "newly discovered evidence" justifying amendment of the judgment. Thus, his request for relief is denied.

### D. Rule 60(b)(3)—Fraud or Misrepresentation

Plaintiff also moves for amendment under Rule 60(b)(3) in which he again argues that Defendants Pima County/PCSD and RRE fraudulently induced him into executing the settlement agreement with RRE. (Doc. 364 at 10). To prevail on a Rule 60(b)(3) motion, the movant must prove by clear and convincing evidence that the judgment resulted from "fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citations omitted). "Rule 60(b0(3) is aimed at judgment which were unfairly obtained, not those which are factually incorrect." *Id*.

The Court will deny the requested relief. As Plaintiff acknowledges in his Motion to Vacate Judgment, Plaintiff has made his arguments as to the validity of the settlement agreement with RRE *many times* before, both to this Court and the state court. The Court, in addressing the argument in its June 20, 2019 Order, stated:

> The Court also finds that like the validity of the Pima County court's rulings, Plaintiff's objections to the validity of the Settlement Agreement (and thus its preclusive effect on his Case 2 claims) are precluded. Plaintiff first raised the issue of the Settlement Agreement's validity in state court on January 1, 2016, in his Notice Non-Settlement and Application for Entry of Default. (Doc. 1-7 at 32-35). Therein, Plaintiff argued that RRE fraudulently withheld information related to alleged kick-back scheme in which PCSD, RRE, and ADOT colluded to generate revenue by taking his motorcycle, storing it, and sharing the profits from its eventual sale. (*Id*.) He also claimed that RRE's attorneys misrepresented the viability of possible § 1983 and RICO claims against RRE. (*Id.*) Plaintiff then moved for an expedited hearing on the matter, which was granted on March 4, 2016. (Doc. 2-4 at 33). Three days later—and in response to RRE's fully-briefed Motion to

> Enforce Settlement—Plaintiff presented his arguments as to the Agreement's invalidity before Judge Villareal in the Superior Court. (Doc. 2-5 at 41). After hearing arguments and taking the matter under advisement, the Superior Court issued a ruling upholding the validity of the Settlement Agreement on March 8, 2016. (Doc 2-5 at 48-51). Following this ruling and the subsequently denied Motions for Reconsideration (all of which reiterated arguments related to the same collusion theory), the Superior Court declared the Settlement Agreement valid, awarded attorneys' fees to RRE, and entered final judgment in favor of RRE on April 19, 2016. (Doc. 3-9 at 31-32 (finding, in part, "The Settlement Agreement between Plaintiff and Rod Robertson is valid and enforceable" and that "Plaintiff breached the Settlement Agreement")). The Superior Court's judgment against Plaintiff thereafter became final because Plaintiff's appeal was denied by the Arizona Court of Appeals as untimely. (*See* Doc. 240-2, Ex. I (Plaintiff's June 17, 2016 Notice of Appeal) and Ex. J (Order denying Plaintiff's Notice Pursuant to ARCAP Rule 9(e)(2) & Motion to Suspend Appeal and Motion to Extend Time on Appeal and Motion for Reconsideration) ("it appearing that the appeal was untimely filed,…the above-entitled appeal is DISMISSED.")). *Piatt*, 773 F.2d at 1034.
>
> Plaintiff was given full opportunity to litigate the Settlement Agreement's validity, he did in fact litigate it, resolution of its validity was essential to the court's final decision, final judgment was entered, and the Settlement Agreement itself was declared valid. If Plaintiff disagreed with the judge's resolution of this matter, his proper course was to appeal the judgment. He did not timely do so. His objections to the Settlement Agreement cannot now be collaterally attacked in this action. *Crosby-Garbotz v. Fell*, 434 P.3d, 143, 146 (Ariz. 2019) ("As our courts have noted, the doctrine [of issue preclusion] seeks to avoid the basic unfairness associated with duplicative, harassing litigation.").
>
> For the foregoing reasons, Plaintiff is precluded from relitigating the issue of the Settlement Agreement's validity. Because the Settlement Agreement cannot be challenged in this Court, Plaintiff is therefore permanently barred from bringing against RRE "any and all claims, demands, actions and causes of action, and any liability whatsoever, on account of or in any manner arising or to arise out of the conversion of a 1993 Suzuki motorcycle." The Court finds that all of Plaintiff's Case 2 claims against RRE fall within the scope of this release language.

(Doc. 343 at 27-28). In his Motion to Vacate Judgment, Plaintiff does not argue that the facts or law cited by the Court in its June 20, 2019 Order are in err, but merely reiterates the same fraud arguments that he has already made to this Court. The Court declines to address them again here. Again, motions for reconsideration are not the place to ask the

- 13 -

Court to rethink what it—or another court—has already thought. *Tillmon*, 2008 WL 2901622 at *1.[7] Plaintiff's Rule 60(b)(3) Motion is denied.

### E. Rule 60(b)(4)—Void Judgment

In similar fashion, in moving for relief under Rule 60(b)(4), Plaintiff reasserts his well-worn argument that the state court Rule 54(b) judgments dismissing Arizona and RRE are void because they were decided by the state judge after he had requested a change of venue. (Doc. 364 at 12 ("This Court relied on Pima County's void judgments to issue void judgment in absence of jurisdiction.")). As explained in Section A, the Court has already found that this issue was litigated and decided by the Arizona state court, and cannot be collaterally appealed here. The Court will thus deny Plaintiff relief from judgment under Rule 60(b)(4).

### F. Rule 60(b)(5)—Equitable Prospective Application of Judgment

Plaintiff also argues that because the Court has not yet addressed certain factual and legal conditions, prospective application of the judgment is inequitable and relief is justified under Rule 60(b)(5). (Doc. 364 at 13). Rule 60(b)(5) provides that a court may relieve a party from a final judgment or order if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests." *Horne v. Flores*, 557 U.S. 433, 447 (2009). Instead, "the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'" *Id.* (citing *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992).

---

[7] The Court notes that even if not precluded by the state court's ruling on the issue, Plaintiff presents no clear and convincing evidence to support a finding that the settlement agreement was fraudulently obtained "so that RRE [could] obtain favorable judgment and continue [sic] use of their collusive kickback contract." (Doc. 364 at 10). Instead, he again makes generalized accusations that, e.g., "RRE fraudulently misrepresented that Plaitniff's conditions precedent were met, but they were not" and RRE obtained title to his motorcycle "by filing false unsigned documents that ADOT knew to be false." (*Id.*)

- 14 -

Plaintiff argues that the Court has not addressed that his time to file a Notice of Claim against Arizona should have been tolled due to his hospitalization; that RRE did not comply with conditions precedent of the settlement contract and thus it is of no force; that Defendants improperly removed this action to federal court; that Defendants blocked remand for three years in violation of A.R.S. § 12-349; and that the Court's failure to remand Case 2 and its dismissals of Case 2 Defendants are "manifest error." (Doc. 364 at 13). Contrary to Plaintiff's contentions, the arguments Plaintiff advances under Rule 60(b)(5) all challenge prior legal conclusions by this Court or the state court in Case 1.

The Court reiterated the factual background of Arizona's dismissal by the Maricopa Superior Court in its August 14, 2017 Order. (*See* Doc. 164 at 3 (noting that the "superior court dismissed the claims against the State of Arizona because Plaintiff's complaint fell outside the one-year statute of limitations imposed on suits against the State of Arizona, and Plaintiff had missed the 180-day deadline for filing a notice of claim against the State," that the judgment against Plaintiff in favor of Arizona was certified as final pursuant to Ariz. R. Civ. P. 54(b), and that Arizona Court of Appeals affirmed the dismissal)). Any tolling arguments that Plaintiff wanted to make with regard to Arizona's dismissal by the state court should have been made to the Superior Court and/or in a timely his appeal of Arizona's dismissal. As the Court explained in its September 14, 2017 Order, this Court never had jurisdiction over Plaintiff's Case 1 claims against Arizona.

Plaintiff is similarly barred from raising new arguments regarding the invalidity of its settlement agreement with RRE. Plaintiff had an opportunity to raise these arguments in briefing and a hearing in front of the Maricopa Superior Court. The Superior Court ruled against Plaintiff. Rule 60(b)(5) does not afford Plaintiff a second bite at the apple.

Finally, this Court has also made express findings and conclusions with regard to Plaintiffs' objections and contentions as to the removal of this action. In its June 20, 2019 Order, the Court found that Defendants' err in removing the consolidated action, as opposed to just Case 2 (which clearly stated a federal claim on the face of the Case 2

Complaint), was reasonable in light of the relevant case law on the issue, and sanctions were not warranted. (Doc. 343 at 23-24).

In sum, Plaintiff cannot establish that prospective application of the judgment would be inequitable under these circumstances, which have not changed from the first time the arguments were made. His Rule 60(b)(5) Motion is denied.

### F. Rule 60(b)(6)—Any Other Reason That Justifies Relief

Rule 60(b)(6) applies in extraordinary circumstances not otherwise addressed by Rule 60(b)(1)-(5) and allows for relief for "any other reason that justifies relief." *See also United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (noting that Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment"). The purpose of Rule 60(b)(6) is to "vest[] power in courts adequate to enable them to vacate judgment whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949). The Court of Appeals for the Ninth Circuit does not apply the "extraordinary circumstances" standard of relief under Rule 60(b)(6) to reward litigants who seek "a second bite at the apple" or who ask for reconsideration while "ignor[ing] normal legal recourses" such as an appeal. *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989). A party seeking to vacate a judgment under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Comm. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

Plaintiff yet again contends he is entitled to this extraordinary relief because the undersigned is biased against him and should be disqualified. (Doc. 364 at 14). Plaintiff has made these generalized allegations throughout this litigation, and each time this Court has found them meritless. Moreover, as in prior motions, Plaintiff has never sought disqualification of the Court in a manner compliant with the federal statute. In moving for disqualification under 28 U.S.C. § 144, Plaintiff was required to file "a timely and

sufficient affidavit" stating "the facts and the reasons for the belief that bias or prejudice exists." *Id.* Absent good cause showing, this affidavit must be made "not less than ten days before the beginning of the term at which the proceeding is to be heard." *Id.* Plaintiff has never filed a timely affidavit with his motion (or any similar motion) and only makes generalized assertions that the undersigned is bias because of her prior rulings against him. As this Court has repeatedly told Plaintiff, prior rulings alone, however, almost never "constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Accordingly, the Court finds that no extraordinary circumstances exist under Rule 60(b)(6) to warrant amending the judgment.

### G. Rule 60(d)(3)—Fraud on the Court

Finally, Plaintiff seeks relief from the Court's judgment under Rule 60(d)(3). Courts have inherent equity power to vacate judgments obtained by fraud committed on the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *In re Levander*, 180 F.3d 1114, 1118–19 (9th Cir. 1999). The Ninth Circuit has advised, however, that this power should be exercised "with restraint and discretion" and "only when the fraud is established 'by clear and convincing evidence.'" *U.S. v. Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) (quoting *Chambers*, 501 U.S. at 44 and *England v. Doyle*, 281 F.2d 304, 310 (9th Cir. 1960)).

In determining what constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct "prejudiced the opposing party," but whether it "'harm[ed]' the integrity of the judicial process." *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir. 1989). Fraud on the court involves "far more than an injury to a single litigant." *Hazel–Atlas,* 322 U.S. 238, 246 (1944). A fraud "connected with the presentation of a case to a court" is not necessarily a fraud on the court. 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2870 (3d ed. 2019). Moreover, mere nondisclosure of evidence is typically not enough to constitute fraud on the court, and "perjury by a party or witness, by itself, is not normally fraud on the court." *Levander*, 180 F.3d at 1119.

Indeed, a party seeking relief under this subsection "must show fraud on the court, rather than the lower showing required for relief under Rule 60(b)(3)." *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 2675 (2018). This standard is very "demanding." *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006) (Rule 60(d)(3) "places a high burden on [the party] seeking relief from a judgment based on fraud on the court"). And like all fraud claims, a fraud on the court claim must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Aguirre v. Cal-Western Reconveyance Corp.*, No. 2012 WL 273753, at *9 n.9 (C.D. Cal. Jan. 30, 2012).

"Finally, relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment." *Sierra Pac. Indus.*, 862 F.3d at 1168. "This limitation arises because issues that are before the court or could potentially be brought before the court during the original proceedings 'could and should be exposed at trial'" or prior to judgment. *Id.* (citing *In re Levander*, 180 F.3d at 1120). "[A]llowing parties to raise issues that should have been resolved at trial amounts to collateral attack and undermines the deep rooted policy in favor of the repose of judgments." *Id.* (internal quotation omitted).

In seeking relief under Rule 60(d)(3), Plaintiff makes unsubstantiated claims that various entities made fraudulent representations resulting in several unfavorable rulings against him and in an invalid settlement with RRE. He specifically contends "Pima Country Superior Court violated due process to commit fraud on the court by refusing to file Plaintiff's timely complaint with an Application for Waiver or Deferral of Fees to cause it to be filed a day late"; "ADOT knowing accepted the false document in violation of A.R.S. § 28-4842 as part of a racketeering scheme"; "Pima County failed to timely disclose their kickback contract with RRE, RRE's false document to the State to Steal the subject motorcycle, and that Sandario Road was not built to design and engineering standards contrary initial fraudulent statements"; "RRE Attorneys offered evidence they knew was false to induce Plaintiff to settle and then claimed the settlement agreement was viable

when they breached conditions precedent"; "Judge Humetewa waited a *whole year* to rule on the threshold issue of jurisdiction [] without considering required abstention doctrines Plaintiff raised [] and has not performed judicial duties to remand Case 2 *ab initio* per *Younger*"; and "Judge Stephen C. Villarreal committed fraud on the court by issuing judgments to benefit his employers, the State and Pima County and its joint venture partner RRE." (Doc. 364 at 16-17) (emphases in original).

To the extent these allegations state a cause of action for fraud, the Court finds Plaintiff's claims to be specious and unsupported by evidence. Plaintiff bears the burden of establishing this level of fraud with clear and convincing evidence. *Stonehill*, 660 F.3d at 443. He has not done so. Moreover, Plaintiff has advanced several of these arguments to the Court before. He does not claim, in other words, that he discovered the alleged instances of fraud post-judgment or that he was that prevented him from presenting these arguments to the Court earlier. *Sierra Pac. Indus.*, 862 F.3d at 1168 (stating "relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment"). Plaintiff clearly disagrees with the merits of various decisions that have made against him during this litigation. But disagreement with a judge's conclusions is not a reason to provide relief under Rule 60(d)(3). *See e.g.*, *Pena v. Bellnier*, 2012 WL 4558511, at *1 (S.D.N.Y. Sept. 29, 2012) (stating that a fraud on the court claim cannot lie where the basis of the claim is that the judge "'got it wrong' on the merits of [the] claims"). The Court will deny Plaintiff's Rule 60(d)(3) Motion.

In accordance with the above,

**IT IS ORDERED:**

1. Plaintiff's "Motion to Vacate Judgment and Rulings Per Rules 60(b)(1),(2),(3),(4),(5),(6) and 60(d)(3)" (Doc. 364) is **GRANTED in part and DENIED in part**. Plaintiff's request to vacate the judgment regarding the three state-law claims against Glover is **GRANTED**. Plaintiff's claims for negligent misrepresentation, fraudulent concealment and bad faith, as stated in Plaintiff's Amended Complaint at Doc. 8-1 against Defendant Glover are reinstated by this Order. The Clerk of Court is

respectfully directed to take all necessary action to **REMAND** to Pinal County Superior Court, Plaintiff's negligent misrepresentation, fraudulent concealment, and bad faith claims stated in Plaintiff's Amended Complaint at Doc. 8-1 against Defendant Glover, to be consolidated with the remaining state law claims in CV2016-00937. In all other respects, Plaintiff's Motion to Vacate (Doc. 364) is **DENIED**. The Clerk shall subsequently enter an amended judgment consistent with this Order, as all remaining issues and claims have been resolved.

2. Plaintiff's "Motion to Stay Orders and Judgment Pending Rule 60/Appeal" (Doc. 365), and "Motion for FRAP 12.1 Indicative Ruling For Ninth Circuit Per FRCP 62.1(a)(3)" (Doc. 375) are **DENIED** as moot.

Dated this 18th day of February, 2020.

_____
Honorable Diane J. Humetewa
United States District Judge