1    **WO**

2                                    **NOT FOR PUBLICATION**

3

4

5

6                        **IN THE UNITED STATES DISTRICT COURT**

7                            **FOR THE DISTRICT OF ARIZONA**

8

9    Arek Fressadi,                              No. CV-16-03260-PHX-DJH

10                    Plaintiff,                  **ORDER**

11   v.

12   Kathryn Ann Glover, et al.,

13                    Defendants.

14

15        Pending before the Court, in an apparent attempt to re-open this years-long case, is

16   Plaintiff's "Motion to Alter/Amend Amended Judgment Per Rule 59 and Partially Vacate

17   Order Doc. 383 Per Rule 60" ("Motion to Alter and Vacate") (Doc. 386) and "Motion for

18   FRAP 12.1 Indicative Ruling for Ninth Circuit Per FRCP 62.1(a)(3)" ("Motion for

19   Indicative Ruling") (Doc. 388).   Defendant Kathryn Ann Glover ("Glover") filed a

20   Response to Plaintiff's Motion to Alter and Vacate (Doc. 391) and a Response to Plaintiff's

21   Motion for Indicative Ruling (Doc. 389).   Plaintiff has filed respective Replies in support

22   of his Motions (Docs. 392 & 393).[1]

23   ///

24   _____

     [1] On March 25, 2020, the Ninth Circuit Court of Appeals denied Plaintiff's request to stay
25   his appeal pending a decision by this Court on his Motion to Alter and Vacate.  The Clerk's
     Order noted that: "The court's records reflect that the notice of appeal of the amended
26   judgment was filed during the pendency of a timely filed motion listed in Federal Rule of
     Appellate Procedure 4(a)(4). The notice of appeal is therefore ineffective until entry of the
27   order disposing of the last such motion outstanding. See Fed. R. App. P. 4(a)(4)."  The
     Clerk's Order thus renders Plaintiff's Motion for Indicative Ruling (Doc. 389) moot, as
28   there is no appellate process to stay.  The Motion for Indicative Ruling will accordingly be
     denied.

1

**I.      Relevant Background[2]**

2          On February 18, 2020, the Court partially amended its August 20, 2019 Judgment

3   (Doc. 362), which, in part, granted Defendant Rod Robertson Enterprises Incorporated

4   ("RRE") summary judgment and terminated this action.  (Doc. 383).  In amending its

5   Judgment, the Court recognized that it had inadvertently relied on the wrong complaint,

6   and as such, did not address three state law claims that Plaintiff had brought against Glover

7   in Case 2[3] prior to removal.  (Doc. 362 at 8).  The Court observed, however, that these state

8   law claims were factually related to the other state law claims against Glover in Case 1 that

9   the Court had remanded to state court in its August 20, 2019 Judgment.  (*Id.* at 8-9).  To

10  conserve judicial resources—and having long since dismissed the federal claims that gave

11  the Court subject matter jurisdiction over Case 2—the Court declined to continue to

12  exercise supplemental jurisdiction over Plaintiff's unresolved, three state law claims

13  against Glover, and therefore remanded them to state court to be consolidated with

14  Plaintiff's previously-remanded case against Glover and Pima County.  (*Id.* at 9).  The

15  Court denied Plaintiff's other arguments in support of vacating the August 20, 2019

16  Judgment (*id.*) and entered its Amended Judgment.  (Doc. 384).

17         On March 17, 2020, after the Amended Judgment was entered, Plaintiff filed the

18  present Motion to Alter and Vacate. (Doc. 386).  On March 18, 2020, Plaintiff filed a

19  Supplemental Notice of Appeal, stating his intent to appeal all orders this Court has issued,

20  including the Court's February 18, 2020 Amended Judgment. (Doc. 387).

21

**I.      Legal Standards for Post-Judgment Relief**

22         Federal Rules of Civil Procedure 59 and 60 articulate certain grounds upon which a

23  party may bring a motion for relief post-judgment.

24         Rule 59(e) provides that a party may move for an amendment to a judgment within

25  ─────────────────
    [2] The Court has described the detailed and protracted procedural history of this action in
26  past Orders and will not do so again here.

27  [3] Defendants removed the two cases that make up this action soon after the Case 2 state
    court judge granted Plaintiff's request to have Case 1 and Case 2 consolidated.  Throughout
28  this litigation, the Court and parties have referred to the first-filed case as "Case 1" and the
    second-filed case as "Case 2."

1    28 days of entry of the judgment.  Fed. R. Civ. P. 59(e).  It is appropriate for a court to

2    amend a judgment under Rule 59(e) if: "(1) the district court is presented with newly

3    discovered evidence, (2) the district court committed clear error or made an initial decision

4    that was manifestly unjust, or (3) there is an intervening change in controlling law."

5    *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

6            Rule 60(b) provides the bases from which a party can seek relief from a final

7    judgment of the Court.  The Rule permits the Court to relieve a party "from a final

8    judgment, order, or proceeding" for any of the reasons enumerated under that section,

9    including mistake, newly discovered evidence, fraud, that the judgment is void, and "any

10   other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)-(6).  Federal Rule 60(d)(3)

11   authorizes a court to "set aside a judgment for fraud on the court."

12           Although he references Rule 59 and 60 in the caption of his Motion to Alter and

13   Vacate, Plaintiff's Motion fails to specifically explain which subsections of these rules he

14   is moving under in his Motion.

15   **II.      Discussion**

16           In what has become predictable practice, Plaintiff's Motion to Alter and Vacate

17   reiterates many arguments, or versions of arguments, that he has already made to this Court.

18   With regards to his jurisdictional arguments, Plaintiff argues that the Court erred in not

19   remanding the entirety of Case 2 with Case 1 because the "indivisible injury rule"

20   necessitates that Case 1 and Case 2 be heard together in state court. (Doc. 386 at 2).  He

21   also argues that Plaintiff's Section 1983 claim in Case 2 is "an ***unripe* _reserved_** federal

22   claim over which [the Court] lacks jurisdiction to claim supplemental jurisdiction," and

23   relatedly contends (again) that the Court should have abstained from hearing the entire

24   action when there were motions pending in state court that implicated important state

25   interests. (*Id.* at 3).

26           Plaintiff also makes non-jurisdictional arguments, all of which he has presented o

27   this Court before, ad nauseam.  He says that the Court erred in dismissing the insurance

28   company defendants in Case 2 on the grounds that they were improperly served (*id.* at 14);

1    that the Court erred in granting summary judgment in favor of RRE because the Pima

2    County Superior Court Rule 54(b) judgments dismissing RRE and Arizona were "***void on***

3    ***their face AND*** RRE obtained a settlement agreement by fraud" (*id.*); that the Court abused

4    its discretion by not allowing Plaintiff to amend his complaint (*id.* at 15); and that the

5    undersigned erred by not disqualifying herself due to "bias favoring government parties

6    over *pro se* litigants . . .." (*Id.* at 16).

7            The Court will summarily deny Plaintiff's non-jurisdictional arguments as grounds

8    on which to reconsider past orders on these issues.  Plaintiff's arguments do not meet any

9    of the standards for reconsideration under Rule 59 or 60, but merely repeat legal and factual

10   arguments Plaintiff has already made to this Court.  (*See, e.g.,* Doc. 279 at 10-14 (denying

11   Plaintiff's motion to reconsider orders dismissing insurance defendants for lack of service);

12   Docs. 164, 343 & 383 (denying Plaintiff's requests to void state court Rule 54(b)

13   judgments, invalidate his settlement agreement with RRE, and to disqualify as the

14   undersigned judge in this matter); Docs. 233 at 2-3 & 343 at 28-34 (denying Plaintiff's

15   motions to amend).  The Court will briefly address Plaintiff's "jurisdictional" arguments.

16           **A.      Arizona's Indivisible Injury Rule**

17           As noted above, Case 1 and portions of Case 2 have been remanded to state court.

18   Plaintiff contends that under Arizona's "indivisible injury rule," the Court erred in not also

19   remanding the rest of Case 2.  The Court disagrees because the injuries alleged in Case 1

20   and Case 2 are distinct and not "indivisible."

21           Under Arizona law, a plaintiff is not precluded from recovering from multiple

22   tortfeasors that have caused him an "indivisible injury" simply because "each defendant's

23   causal role is potentially indeterminable." *Salica v. Tucson Heart Hosp-Carondelet, LLC*,

24   231 P.3d 946, 950 (Ariz. Ct. App. 2010).  "To avoid the 'unfairness of denying the injured

25   person redress simply because he cannot prove how much damage each [tortfeasor] did,

26   when it is certain that between them they did all,' tortfeasors are left to apportion damages

27   among themselves when causation is potentially indeterminable.  *Id.* (*quoting Piner v.*

28   *Superior Court In and For County of Maricopa*, 962 P.2d 909, 914 n.3 (Ariz. 1998)); *see*

- 4 -

*e.g., Piner*, 962 P.2d at 909, 910–11, 913–14, 915–16 (sequential car accidents; extent of damage caused by each unknown); *Holtz v. Holder*, 418 P.2d 584, 585–86, 588 (Ariz. 1966) (sequential car accidents; cause in fact and extent of damages caused by each defendant unknown).  However, "[a]pportionment of fault is not called for when a plaintiff suffers separate injuries and liability can be apportioned based only on causation." *Salica*, 231 P.3d at n.7 (citing A.R.S. § 12–2506(B) (requiring calculation of percentage of fault only for those who "contributed to the alleged injury")).

The Court did not err when it decided not to remand all of Case 2 with Case 1 because Arizona's indivisible injury rule does not warrant, much less require, remand of Case 2.  Unlike the plaintiffs in cases where the injury is alleged to be "indivisible," such that the extent of each tortfeasor's contribution to an alleged injury would be indeterminable, Plaintiff has alleged distinct injuries and causes of action in Case 1 and Case 2—e.g., physical injuries arising out of motorcycle accident, monetary damages arising out of the alleged conversion of his motorcycle, damages arising from violations of his Equal Amendment and Due Process rights—and distinct action by each alleged tortfeasor that has contributed to these injuries.  (*See generally* Doc. 8-1).  Indeed, in moving to consolidate the cases prior to removal, Plaintiff acknowledged the distinct claims and injuries between the cases when he stated that Case 1 "addresses claims arising from the [motorcycle accident] incident and Plaintiff's injuries" and Case 2 "addresses claims arising from the Defendants' misconduct after the incident and in the adjudication of [Case 1] . . . ." (Doc. 4-5 at 36).  This is simply not a case in which all of the injuries alleged in Case 1 and Case 2 are "indivisible" such that the Court erred in not remanding the entirety of Case 2 with Case 1.[4]

**B.      "Unripe" Federal Claim and Abstention Arguments**

Plaintiff's First Verified Complaint ("Complaint") states that "[he] makes this claim

---

[4] But even if this were an indivisible injury case, which it is not, such a conclusion would not necessitate remand of Case 2 with Case 1.  Indeed, Arizona's indivisible injury rule does not strip this Court of subject matter jurisdiction over a federal cause of action like Section 1983.

1   pursuant to 42 U.S.C. 1983, and the Fifth and Fourteenth Amendments to the United States

2   Constitution . . ..." (Doc. 8-1 ¶180).[5]   The Court has repeatedly stated that Case 2 was

3   properly removed in light of the federal claims on the face of Plaintiff's Complaint. (*See*

4   Docs. 164 at 5 & 343 at 18).   In his latest Motion to Alter and Vacate, Plaintiff contends

5   that this finding is nonetheless in error because his Section 1983 claim was "not ripe" when

6   Defendants removed the case to this Court.   The Court disagrees.

7          Plaintiff's Section 1983 Claim (Doc. 8-1 at ¶¶ 179-218), made broad, disjointed

8   allegations against multiple defendants, including RRE, Pima County, Arizona, and Pima

9   County judicial officials.   Paragraph 184 of Plaintiff's Complaint perhaps does the best job

10  of summarizing Plaintiff's Section 1983 allegations.   That paragraph alleges that:

11          Pursuant to 42 U.S.C. §1983, and the Fifth and Fourteenth Amendments of
            the U.S. Constitution, the above Defendants denied Plaintiff equal protection,
12          due process, and just compensation by engaging in a joint action that
            incentivizes the conversion by unlawful forfeiture of Plaintiff's motorcycle
13          without adequate post-deprivation remedies; by refusing to accept his
14          complaint in a timely manner, *supra*, and deny [sic] relief through the State's
15          statute of limitations.

16  _____
    [5] Notwithstanding this allegation, and the many paragraphs that follow alleging violations
17  of Plaintiff's Fifth and Fourteenth Amendment rights under 42 U.S.C. § 1983 (Doc. 8-1
    ¶¶179-218), Plaintiff claims, as he has done ad nauseam, that "[t]he matter before this Court
18  ***does not*** really "arise under" federal law (*e.g.* 28 U.S.C. §§ 1331 and 1441(a)&(c)(1)(A)),
    but is a "state-created cause of action" with "a presence of a federal issue" in a 5[th] Claim
19  in a 2nd Complaint ***arising from and based on state claims***, such that this court lacks
    jurisdiction." (Doc. 386 at 13).   He argues that his federal claim is "collateral, not in the
20  forefront" and points to *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986)
    for the proposition that "the mere presence of a federal issue in a state cause of action does
21  not automatically confer federal-question jurisdiction." (*Id.*)   The Court finds these
    arguments, again, baseless.   Under 28 U.S.C. § 1331, this Court has original jurisdiction
22  over civil actions "arising under" federal law. Removal based on § 1331 is governed by the
    "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).
23  Under the rule, "federal jurisdiction exists only when a federal question is presented on the
    face of plaintiff's properly pleaded complaint." *Id. See also Franchise Tax Bd. v. Constr.*
24  *Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983) ("Congress has given the lower federal
    courts jurisdiction to hear, originally or by removal from a state court, only those cases in
25  which a well-pleaded complaint establishes either that federal law creates the cause of
    action or that the plaintiff's right to relief necessarily depends on resolution of a substantial
26  question of federal law.").   In this way, a plaintiff is generally the "master of the claim."
    *Id.*   Here, Plaintiff's Case 2 did not merely present the semblance of a federal issue or
27  claim—Plaintiff, as master of his Complaint, chose to assert claims arising and created
    under a federal statute. *See* 42 U.S.C. § 1983 (a federal statute that provides an individual
28  the right to sue state government employees and others acting "under color of state law"
    for civil rights violations).   Defendants did not err in removing Case 2 to federal court and
    this Court did not err when it refused to remand it to state court.

1   (*Id.* ¶184).  In arguing that "Claim 5 in Case 2" (Doc. 386 at 4) was unripe when the case

2   was removed, Plaintiff contends that the Section 1983 claim "relies on declaratory relief of

3   STATE law in STATE claims that must be determined in STATE court per protections

4   under STATE SOVEREIGNTY.  Claim 5 also relies on whether Case 1 judgments are void

5   based on STATE law ***currently on review*** in STATE court."  (Doc. 386 at 5).  Plaintiff

6   says that at the time of removal, he had appealed the state court Rule 54(b) judgments

7   dismissing Arizona and RRE from Case 1, and that that appeal involved "issues of state

8   law protected by the state's interests [and that] **ANY ISSUE** involving the judgments,

9   including RRE's settlement agreement obtained by fraud and claims against State

10   Defendants, **CANNOT BE DECIDED BY THIS COURT**."  (Doc. 386 at 6).  Plaintiff

11   also argues that "[t]he Case 1 judgments also involve state law review of tolling provisions

12   per A.R.S. § 12-821.01(B)&(D)" and only a state court can interpret and apply that statute

13   to Plaintiff's assess the timeliness of his Case 1 Complaint.  (Doc. 386 at 6-7).

14          Read liberally, Plaintiff's "unripeness" arguments are that his appeal of the Pima

15   Court's Rule 54(b) judgments was ongoing at the time of removal and that only a state

16   court can interpret a state's venue and statute of limitation rules.   More to the point, he

17   seems to argue that because a decision as to the validity of the Pima County judge's Rule

18   54(b) orders had not been issued by the state court in Case 1, *his Section 1983 claim in*

19   *Case 2* was "unripe" for determination at the time of removal and should not have served

20   as a valid basis for removal.  This argument is nonsensical.   Whether the state court judge

21   had jurisdiction to issue rulings after Plaintiff requested a change of venue in Case 1 has

22   no ascertainable impact on whether Plaintiff was deprived of his constitutional rights as

23   Plaintiff has alleged above.  And even if some part of the Section 1983 claim ultimately

24   could be impacted by a state court's decision on Plaintiff's venue argument, which Plaintiff

25   has not coherently explained, the Court finds the mere possibility insufficient to strip this

26   Court of its subject matter jurisdiction over Case 2.  Plaintiff's "unripeness" argument is

27   merely a version of his well-worn argument that the Court should abstain from hearing

28   Case 2 under the *Younger* abstention doctrine.  The Court declines to reengage in Plaintiff's

argument that *Younger* should have barred this Court from hearing Case 2. The Court has already addressed this argument. (*See* Doc. 383 at 6-7) (finding that the *Younger* abstention doctrine does not implicate the comity concerns the doctrine aims to protect). Again, beyond conclusively repeating that his appeal involved important state issues that a state court should decide, Plaintiff wholly fails to explain how a resolution of Plaintiff's Section 1983 claim by this Court would have *any* impact on an state court proceeding (even assuming there was an "ongoing"[6] proceeding). The Court finds that Plaintiff has not advanced any new argument or legal authority indicating that the Court erred in declining to abstain under *Younger* or that the Court erred in exercising jurisdiction over Case 2 because the federal claim on the face of Plaintiff's Complaint was "unripe."

In sum, Plaintiff's Motion to Alter and Vacate does not present any new issues, evidence, or changes in law that warrant reconsideration of the Court's decision denying Plaintiff's request to remand the remainder of Case 2. The remainder of his arguments for reconsideration are summarily denied because they do not articulate or meet the standards for reconsideration under Rule 59 or 60.

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion to Alter/Amend Amended Judgment Per

---

[6] On March 25, 2016, or approximately seven months after Plaintiff filed Case 1 in Pima County, Plaintiff requested a change of venue. (*See* Plaintiff's Request to Change Venue at Doc. 3-2 at 24). Plaintiff asserted his belief that the Pima County judge was unfairly issuing rulings that were unfavorable to him. (*Id.*) ("This court's recent rulings indicate a fraternal conflict of interest to cover up corruption and condone fraud, making a mockery of justice.")). The sudden request to change venue came just weeks after the Pima Court judge found the settlement agreement between Plaintiff and RRE was enforceable (3/8/16 Order at Doc. 2-5 at 48), and two days after the Pima court denied Plaintiff's motion to reconsider its ruling on the validity of the settlement agreement (3/25/16 Order at Doc. 3-2 at 24). Upon transfer of the case to Pinal County, Plaintiff filed a motion seeking to invalidate all of the Pima court orders issued after he made his venue change request (including the Rule 54(b) judgments issued in favor of RRE and Arizona). The Pinal court denied that request, finding that such a ruling would amount to an improper "collateral appeal." (Doc. 4-5 at 6). In typical form, Plaintiff moved the Pinal court to reconsider its denial of his request to void the judgments (Doc. 127) and filed a Notice of Appeal to the Arizona Court of Appeals. The motion to reconsider was pending at the time Defendants removed the case and is the basis for Plaintiff's argument that the state court proceedings were "ongoing." The Court questioned the basis for this argument, but also stated that none of the comity concerns identified by *Younger* are clearly implicated here because by the time the Court ruled on the pending motion and denied the same (Doc. 164), the Arizona Court of Appeals had dismissed Plaintiff's appeal.

Rule 59 and Partially Vacate Order Doc. 383 Per Rule 60" (Doc. 386) and "Motion for FRAP 12.1 Indicative Ruling for Ninth Circuit Per FRCP 62.1(a)(3)" (Doc. 388) are **DENIED**.  This Case will remain closed.

Dated this 7th day of May, 2020.

Honorable Diane J. Humetewa
United States District Judge